**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 12, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CURTIS BERNARD SEALS,

      Petitioner - Appellant,

v.

R. SMITH,

      Respondent - Appellee.

No. 20-6110
(D.C. No. 5:19-CV-01069-D)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **PHILLIPS**, **MURPHY,** and **McHUGH**, Circuit Judges.

---

This matter is before the court on Curtis Bernard Seals's pro se request for a certificate of appealability ("COA"). He seeks a COA so he can appeal the district court's dismissal, on timeliness grounds, of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from the dismissal of a § 2254 petition unless the petitioner first obtains a COA); *id.* § 2244(d)(1) (setting out a one-year limitations period running from the date on which the state conviction became final). Because Seals has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Seals pleaded guilty in Oklahoma state court to five counts of indecent or lewd acts with a child under the age of sixteen. On May 2, 2017, the state trial court sentenced Seals to concurrent sentences of twenty years' imprisonment on each count, with all but the first nine years suspended. Seals filed the instant § 2254 petition for habeas relief on November 19, 2019. The matter was referred to a magistrate judge for initial proceedings. *See* 28 U.S.C. § 636(b)(1)(B). In a well-reasoned Report and Recommendation, the magistrate judge recommended that Seals's petition be dismissed as untimely. *Id.* § 2244(d)(1). In so doing, the magistrate judge patiently explained why Seals was not entitled to statutory or equitable tolling. The magistrate judge further explained why none of the alternate starting dates for the limitations period set out in § 2244(d)(1)(B)–(D) were applicable. Upon de novo review, the district court adopted in full the magistrate judge's Report and Recommendation, supplemented the explanation as to why Seals's § 2254 petition was untimely, and dismissed the petition on the ground it was filed outside the limitations period.

The obtaining of a COA is a jurisdictional prerequisite to Seals's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Seals must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 motion on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Seals has satisfied his burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Seals need not demonstrate his appeal will succeed, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted). As a further overlay, we review for abuse of discretion the district court's decision that Seals is not entitled to have the § 2244(d) limitations period equitably tolled. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

Having undertaken a review of Seals's appellate filings, the district court's various orders, and the entire record before this court pursuant to the framework set out in *Miller-El* and *Slack*, we conclude Seals is not entitled to a COA. The district court's resolution of Seals's § 2254 petition is not deserving of further proceedings or subject to a different resolution on appeal. In so concluding, there

is no need for this court to repeat the cogent and convincing analysis set out in the magistrate judge's Report and Recommendation and the district court's Order. Instead, it is enough to note Seals has not come close to demonstrating the types of extraordinary circumstances entitling him to equitable tolling, *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015), and has completely failed to make out a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324 1995).  Likewise, he has not demonstrated even the barest hint of error in the district court's analysis of the applicability of the alternate start dates for the limitations period set out in § 2244(d)(1)(B)–(D).  Accordingly, this court **GRANTS** Seals's motion to proceed on appeal in forma pauperis, **DENIES** Seals's request for a COA, and **DISMISSES** this appeal.  Given this disposition, all pending motions, specifically including Seals's request for appointed counsel, are **DENIED** as moot.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-4-